

2015 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2015

# In Re: Jason Smart-El

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2015

Recommended Citation

"In Re: Jason Smart-El" (2015). *2015 Decisions.* Paper 376.
http://digitalcommons.law.villanova.edu/thirdcircuit_2015/376

This April is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University
School of Law Digital Repository. It has been accepted for inclusion in 2015 Decisions by an authorized administrator of Villanova University School of
Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-004                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1111

_____

IN RE:  JASON EMANUEL SMART-EL,

                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:13-cv-00164)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 20, 2015

Before:  MCKEE, <u>Chief</u> <u>Judge</u>, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 14, 2015)

_____

OPINION[*]

_____

PER CURIAM

     Jason Emanuel Smart-El filed a petition for writ of mandamus requesting that we

direct the District Court to rule on a motion that he had filed pursuant to 28 U.S.C.

§ 2255.  The District Court has since granted Smart-El's § 2255 motion.  In light of the

District Court's action, the question Smart-El presented is no longer a live controversy,

so we will dismiss the petition as moot.  <u>See</u>, e.g., <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

974 (3d Cir. 1992); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")